# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12CR57 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JEFFREY A. BORING, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 19, 2012, pursuant to a plea agreement, defendant, Jeffrey Boring, entered a guilty plea to two counts of mail fraud, in violation of 18 U.S.C. § 1341. Both counts related to fraud perpetrated against his former employer, The Fowler Company, and the plea agreement had the effect of waiving most of defendant's appellate rights. (*See* Doc. No. 48.) On July 23, 2013, the Court sentenced defendant to 71 months imprisonment, to be followed by three years of supervised release. (Doc. No. 83 (Judgment).)

On February 12, 2005, in response to a series of letters sent by defendant to chambers, the Court appointed the Federal Public Defender's Office for the limited purpose of investigating the claims made in those letters. (Doc. No. 89.) Appointed defense counsel subsequently moved to withdraw, citing the fact that defendant intended to file a motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence based on the alleged ineffective assistance of trial counsel, and noting that trial counsel was also employed by the Federal Public Defender's Office. (Doc. No. 92.) Based upon this stated conflict, the Court granted the motion to withdraw. (Doc. No. 93.) The Court further ruled that, "[b]ecause defendant's desire to file a § 2255 motion exceeds the purpose for which counsel was appointed, and because a prisoner is generally not entitled to

counsel for a § 2255 motion, new counsel will not be appointed." (*Id*. at 537.)

Defendant has moved for reconsideration of the Court's decision to not appoint substitute counsel to assist him in pursuing a § 2255 motion. (Doc. No. 94.) He has also filed a motion styled "Motion for Review of Newly Found Evidence." (Doc. No. 95.) The government has filed a response in opposition. (Doc. No. 96.) In addition to these two motions, defendant has filed an "Addendum to Motion #95" (Doc. No. 97), and a further (and unauthorized) "response" to his motion for review of newly discovered evidence. (Doc. No. 98.) Both motions are DENIED.

1.    *Motion for Discovery*

The impetus for the motion for review of newly found evidence appears to be defendant's involvement in a civil court action relating to his former business partners. Through this civil litigation, defendant claims that he has learned that the wife of the president of his former employer engaged in what defendant views as fraudulent behavior. It is defendant's belief that this individual served as a "forensic investigator," during which she fabricated evidence and withheld exculpatory evidence from him, "the government and the Court." (Doc. No. 95 at 544.) He further alleges, without support, that government's counsel bullied him into pleading guilty, threatening "to take [his] lawyer away and use him against [defendant]." (*Id*. at 545.) Defendant indicates that, should he file a § 2255 motion, it will include *Brady* issues and allegations of prosecutorial misconduct.

There is no automatic right to discovery in connection with the preparation of a § 2255 motion. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quotation marks omitted)). Pursuant to Rule 6, which accompanies § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. Rule 6, 28 U.S.C. foll. § 2255; *Stanford*, 266

2

F.3d at 460; *see also Bracy v. Gramley*, 520 U.S. 899, 909, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (Good cause requires more than speculation, and instead the petition must show that "if the facts are fully developed, [the petitioner may] be able to demonstrate that he is . . . entitled to relief.") Rule 6(a) provides, in relevant part, that: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure, or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), 28 U.S.C. § 2255. The burden of demonstrating materiality of the information requested is on the moving party. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000)). The Sixth Circuit has underscored the fact that a convicted defendant is not entitled to wide-ranging discovery to explore possible grounds for a § 2255 challenge to his conviction. *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996).

Consideration of defendant's apparent request for discovery is hindered by the fact that defendant has yet to file a post-conviction motion. Without such a motion, it is difficult to place his request in proper context. Nonetheless, the Court finds that defendant has not shown good cause for discovery. With respect to defendant's alleged *Brady* violation, it is entirely unclear as to whether the government ever possessed the documents he seeks, and, in fact, defendant alleges that this information was withheld from the government, as well as the Court and defendant, himself.[1] *See United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) ("*Brady* clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess.") (citation omitted). Defendant has also failed to show

---

[1] The government has represented that, prior to sentencing, it provided defendant with the only spreadsheet in its possession relating to The Fowler Company. (Doc. No. 96 at 629; Doc. No. 96-1.)

how the fraudulent activity of anyone else would serve to vitiate the criminal conduct he was alleged to have perpetrated and for which he pleaded guilty, or how these allegedly undisclosed documents would exonerate him. Under these circumstances, the Court is not persuaded that further development of the facts may demonstrate that defendant is entitled to relief on this claim.

Further, defendant's claims of prosecutorial misconduct are contradicted by the record. Defendant suggests, without any support, that his attorney, Hector Martinez, Jr., was forced to withdraw as counsel due to threats from the government. However, the record clearly shows that counsel moved to withdraw after learning that defendant "admitted to providing fraudulent documents to the Assistant United States Attorney, through [defense counsel]," and this development led to irreconcilable differences that prevented him from continuing as counsel of record. (Doc. No. 56 at 305.)

For all of these reasons, defendant is not entitled to discovery, and his motion, therefore, is DENIED.

2.    *Renewed Motion for the Appointment of Counsel*

It is also well settled that there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citation omitted). The decision to appoint counsel for a habeas petitioner is within the discretion of the court and is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted); *see* 18 U.S.C. § 3006A(a)(2) (the court may appoint counsel to a person seeking relief under 28 U.S.C. § 2255 if "the interests of justice so require"). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore only required if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain

4

a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See generally Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (quotation marks and citation omitted).

Defendant has not demonstrated that the interests of justice require that he receive appointed counsel to advance his anticipated habeas motion. Though defendant now maintains that relevant evidence was withheld from him, the government, and the Court, for which he believes he is entitled to relief in the form of a new trial, defendant has not identified any complex issues for which the assistance of counsel is needed. Further, his rather novel argument that he is entitled to counsel on habeas review because he did not take a direct appeal, for which appointed counsel would have automatically been available, is completely without merit. Additionally, the Court notes that defendant has filed numerous motions, and he has demonstrated that he has the ability to adequately prepare and present his claims in these proceedings. If the Court determines, at a later date, that an evidentiary hearing is required on some future motion, the Court will appoint counsel at that time. *See Swazo v. Wyoming Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994) (collecting cases providing that the appointment of counsel is mandatory when an evidentiary hearing is warranted).

Accordingly, defendant's renewed motion for the appointment of counsel (Doc. No. 94) is also DENIED.

**IT IS SO ORDERED**.

Dated: September 21, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5